**James C. BURKE, Plaintiff,**

v.

**Jeremy MARGOLIS, Director of Department of Illinois State Police; and the Department of Illinois State Police, Defendants.**

No. 89–3200.

United States District Court, C.D. Illinois, Springfield Division.

Feb. 21, 1990.

Bruce D. Locher, Springfield, Ill., for plaintiff.

Lance T. Jones, Asst. Atty. Gen., Springfield, Ill., for defendants.

## ORDER

RICHARD MILLS, District Judge:

This cause is before the Court on a motion to dismiss filed on behalf of Defendants Jeremy Margolis and the Department of Illinois State Police. Defendants assert that Plaintiff's claim under the Age Discrimination in Employment Act (ADEA) must fail because Plaintiff is a state policeman and is not protected from mandatory retirement under the ADEA. Defendants further assert that Plaintiff's claim under the equal protection clause of the fourteenth amendment must fail because Plaintiff's complaint does not implicate a fundamental right or suspect class and the challenged statute is rationally related to a legitimate state interest.

### I—Facts

Accepting the well-pleaded factual allegations of Plaintiff's complaint as true, as the Court must when reviewing a motion to dismiss, the facts are as follows.

Plaintiff was employed by the Illinois State Police and its predecessor agencies from 1968 until he retired. At the time of his retirement Plaintiff was a 61 year old master sergeant.

On September 15, 1987, Plaintiff was advised in a letter from Defendant Margolis that effective December 31, 1987, Plaintiff would be required to retire from his position with the Illinois State Police pursuant to a mandatory retirement policy. Plaintiff sought reconsideration but without satis-

faction. On December 31, 1987, Plaintiff involuntarily retired from the Illinois State Police.

Approximately one year later Plaintiff filed a complaint with the Equal Employment Opportunity Commission. That agency issued a determination on August 8, 1989, that the involuntary retirement of Plaintiff was violative of the ADEA. Plaintiff filed this action on September 15, 1989.

## II—Standard When Reviewing a Motion to Dismiss

■ In ruling on a motion to dismiss, the Court "must accept the well pleaded allegations of the complaint as true. In addition, the Court must view these allegations in the light most favorable to the Plaintiff." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). The applicable rules do not necessitate a detailed outline of the claim's basis. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). Still, a "complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Applying the above standards, the Court now turns to the case at bar.

## III—Analysis

### A. *Plaintiff's ADEA Claim*

■ Plaintiff asserts that the ADEA is meant to protect employees between the ages of 40 and 70 from discriminatory tactics on the part of employers.[1] It is Plaintiff's contention that the Illinois State Police policy of mandatory retirement at age 60 is in direct conflict with the ADEA as amended.

Pursuant to 29 U.S.C. § 623(i)(1) and (2): It shall not be unlawful for an employer which is a State, a political subdivision of a State, an agency or instrumentality of a State or a political subdivision of a State, or an interstate agency to fail or refuse to hire or to discharge any individual because of such individual's age if such action is taken—

(1) with respect to the employment of an individual as a firefighter or as a law enforcement officer and the individual has attained the age of hiring or retirement in effect under applicable state or local law on March 3, 1983, and

(2) pursuant to a bona fide hiring or retirement plan that is not a subterfuge to evade the purposes of this chapter.

Under Illinois law, "[n]o person may be retained in service as a state policeman after he has reached 60 years of age." Ill.Rev.Stat. ch. 121, ¶ 307.12–1. This law has been in effect in Illinois since July 1, 1974.

Illinois State Police officers may be designated as having one of numerous ranks. "Each Department of State Police officer appointed by the Director shall be classified as a State Police officer as follows: trooper, sergeant, master sergeant, lieutenant, captain, or major, or as a Special Agent, Special Agent Sergeant, Special Agent Master Sergeant, Special Agent Lieutenant, Special Agent Captain, or Special Agent Major." Ill.Rev.Stat. ch. 121, ¶ 307.8.

At the time of his retirement, Plaintiff was 61 years old and held the rank of master sergeant in the Illinois State Police.[2] Illinois State Police have been subject to mandatory retirement at age 60 since at least mid–1974. Thus, at first

---

1. Actually, the 1986 amendments to the ADEA removed the general upper age limit of 70 years of age from the Act. Pub.L. 99–592, § 2(c)(1).

2. There appears to be some confusion on Plaintiff's part as to what rank he held at the time of his retirement. In the complaint Plaintiff alleges that he was a master sergeant. In the response to the motion to dismiss Plaintiff asserts that he was a special agent. It is also possible that Plaintiff was a special agent master sergeant. As Plaintiff's complaint alleges that he was a master sergeant, we accept that allegation as true. In any event, individuals holding any of these ranks are state policemen under Illinois law.

glance it would appear that Plaintiff falls squarely within the ADEA exception for law enforcement officers.

Plaintiff asserts, however, that on March 3, 1983, there was no Illinois law which mandated the retirement of Special Agents at any age.[3] Even if there had been such a law, Plaintiff asserts, it would have been preempted by the Illinois Human Rights Act, Ill.Rev.Stat. ch. 68, § 1–101–§ 9–102. If Plaintiff's contentions are correct, then the mandatory retirement of Plaintiff would not fall within the ADEA exception for law enforcement officers.

Unfortunately for Plaintiff, he is not correct in his position. Plaintiff was employed by the Illinois State Police and its predecessor agencies from 1968 until his retirement on December 31, 1987. Whether he was a master sergeant, a Special Agent, or a Special Agent Master Sergeant at the time of his retirement is immaterial. Each of these positions is classified as an Illinois State Policeman. An Illinois law in effect on March 3, 1983, requires Illinois State Policemen to retire upon reaching age 60. Thus, Plaintiff's mandatory retirement fits within the exception contained in the ADEA for law enforcement officers.

Plaintiff misses the mark with his assertion that no law in effect on March 3, 1983, provided for the mandatory retirement of Special Agents at any age. A law in effect on that date did provide for the mandatory retirement of state policemen at age 60. Special Agents (and master sergeants and Special Agent Master Sergeants) are defined as state policemen under Illinois law. Thus, whether Plaintiff was a Special Agent, a master sergeant, or a Special Agent Master Sergeant, he was required to retire upon reaching age 60.

■ Plaintiff is equally off the mark with his assertion that even if there had been a law in effect on March 3, 1983, requiring the retirement of special agents at age 60, it would have been preempted by the Illinois Human Rights Act. That statute provides that it is a civil rights violation

for an employer to discharge an individual on the basis of unlawful discrimination and defines unlawful discrimination as, *inter alia,* "discrimination against a person because of his ... age ... ." Ill.Rev.Stat. ch. 68, §§ 2–102(A), 1–103(Q).

Plaintiff correctly points out that the Illinois Human Rights Act bars retirement before age 70 for all employees except those specifically exempted by the Act. *Board of Trustees v. Human Rights Commission,* 88 Ill.2d 22, 29, 57 Ill.Dec. 844, 429 N.E.2d 1207 (1981). Plaintiff neglects to mention, however, that the Illinois Human Rights Act does not prohibit a mandatory retirement age for law enforcement officers if prior to December 31, 1993, the law enforcement officer has attained the age of retirement in effect under applicable state or local law on March 3, 1983, and if such retirement action is taken pursuant to a bona fide retirement plan. Ill.Rev.Stat. ch. 68, ¶ 2–104(A)(7). Therefore, Plaintiff's argument based on preemption by the Illinois Human Rights Act is meritless.

### B. *Plaintiff's Equal Protection Claim*

■ Plaintiff also alleges that the policy of the Illinois State Police of requiring retirement at age 60 constitutes a denial of equal protection of the laws. Plaintiff contends that the mandatory retirement age of 60 is an inherently suspect criteria that lacks any defensible compelling state interest. In addition, Plaintiff argues that there is no rational basis for the classification.

■ Plaintiff's implication that the age classification must be necessary to effectuate a compelling state interest is incorrect. In *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1975), the Court reviewed a Massachusetts statute mandating retirement at age 50 for uniformed state police officers. The Court stated "[w]e agree that rationality is the proper standard by which to test whether compulsory retirement at age 50 violates equal protection."

**3.** Plaintiff does not argue that the retirement plan for state policemen is a subterfuge to avoid the purposes of the ADEA. Plaintiff merely

argues that the exception contained in the ADEA for law enforcement officers does not apply.

*Id.* at 312, 96 S.Ct. at 2566. Thus, we will review this Illinois statute mandating retirement of state policemen at age 60 using the same test of rationality.

Although Plaintiff argues that the age classification is not rationally related to a legitimate state interest, we find to the contrary. This Court had occasion to consider this statute on a previous occasion. In *Popkins v. Zagel*, 611 F.Supp. 809, 812 (C.D.Ill.1985), a case heard by Judge Ackerman with findings of fact and conclusions of law entered by Chief Judge Reynolds, the Court held "the Illinois statute requiring state police to retire at age 60 ... meets the requirements of the equal protection clause, as it rationally furthers the purpose of protecting the public by assuring the physical preparedness of the state's uniformed police." We find that the statute in question is still rationally related to that same legitimate state interest.

■ Plaintiff argues that the appropriate question should be whether a given person can perform a given job at a given time. What the law should be in this particular case is not for this federal trial court to decide. In the Seventh Circuit the law *is* that the plaintiff's particular assignment at the time of his retirement is not relevant. The relevant focus is on whether the statute is rationally related to a legitimate state interest vis-a-vis the "business" of providing police protection. *EEOC v. City of Janesville*, 630 F.2d 1254, 1258 (7th Cir.1980); *Popkins v. Zagel*, 611 F.Supp. at 813. The mere fact that the classification may be overinclusive does not mean that it is not rationally -related to a legitimate state interest. When reviewing a classification under the rational relationship test, perfection in making the classification is neither possible nor necessary. *Massachussetts Board of Retirement v. Murgia*, 427 U.S. at 314, 96 S.Ct. at 2567. This classification need only be rationally related to achieving the state's purpose of assuring the health and preparedness of the police force in order to protect the public safety. The classification Plaintiff challenges accomplishes that purpose.

The fact that Illinois does not choose to determine fitness more precisely such as through individualized testing after age 60 does not mean that the maximum age classification is not rationally related to the state's objective. *Id.* Perhaps the State of Illinois has not chosen the best means to accomplish its purpose. "But where rationality is the test, a state 'does not violate the equal protection clause merely because the classification made by its laws is imperfect.'" *Id.* (quoting *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970)).

Plaintiff's cause of action under the ADEA is foreclosed by the terms of the ADEA itself. Plaintiff has likewise failed to state a cause of action under the equal protection clause.

*Ergo*, for the reasons discussed above, the motion to dismiss filed on behalf of Defendants Jeremy Margolis and the Department of Illinois State Police (d/e 5) is ALLOWED.

Case CLOSED.