U.S. EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION, Plaintiff,

v.

STATE OF ILLINOIS, and Troopers
Lodge No. 41 of the Fraternal
Order of Police, Defendants.

No. 91–3114.

United States District Court,
C.D. Illinois,
Springfield Division.

March 11, 1992.

**374**

John P. Rowe, Steven L. Brenneman, E.E.O.C., Chicago, Ill., Jason S. Hegy, Washington, D.C., for plaintiff.

Columbus R. Gangemi, Jr., Winston & Strawn, Chicago, Ill., John Simon, Asst. Atty. Gen., Chicago, Ill., John M. Hosteny, Springfield, Ill., for defendants.

## OPINION

RICHARD MILLS, District Judge:

Judgment in favor of the State of Illinois.

This cause is before the Court on the State's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), or for summary judgment under Fed.R.Civ.P. 56.

Because this Court will consider matters outside the pleadings, Defendant's motion will be treated as a motion for summary judgment.

## I. Facts

The EEOC has brought this suit against the State of Illinois challenging Ill.Rev. Stat. ch. 121, ¶ 307.12–1 (section 12–1), which sets the mandatory retirement age of Illinois State Police Special Agents at 60, as violative of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621 et seq.

The State contends that § 12–1 is within the exceptions listed in the ADEA under 29 U.S.C. § 623(j) because it was in effect as of March 3, 1983. The State asserts ch. 121, ¶ 307.8 (1979) which codified the 1977 reorganization of the State Police by Executive Order. Thus, Special Agents were covered by the mandatory retirement provisions of § 12–1 prior to March 3, 1983.

The EEOC concedes that § 623(j) exempts the State from the proscriptions of the ADEA if the age limit was in effect on March 3, 1983. However, the EEOC contends that at least until 1977, Special Agents were not subject to § 12–1 because the designation "State policemen" applied only to uniformed state troopers. Accordingly, the State cannot rely on the "plain language" of § 12–1 to support its argument because Special Agents were not "State policemen" as used in § 12–1 when it was originally enacted. Thus, the EEOC asserts that the State must put forth evidence conclusively showing that by March 3, 1983, the term "State policeman" in § 12–1 had been expanded to include Special Agents. The EEOC argues that the 1977 Executive Order unifying the personnel system for all sworn officers is not evidence that Special Agents became classified as "State policemen" because neither the plain language of the Order nor its stated purposes purported to alter the terms of § 12–1 as it existed until March 3, 1983.

## II. Summary Judgment

██ Under Fed.R.Civ.P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Unquestionably, in determining whether a genuine issue of material facts exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987).

## III. Analysis

██ In *Burke v. Margolis*, 738 F.Supp. 1201 (C.D.Ill.1990), this Court determined that Special Agents were defined as "State policemen" under Illinois Law and were included within the March 3, 1983 law which set the mandatory retirement age at 60. In *Burke*, the plaintiff was a master sergeant who was forcibly retired. He brought suit under the ADEA contending that master sergeants were not within the March 3, 1983 law. This Court stated:

> Unfortunately for Plaintiff, he is not correct in his position. Plaintiff was employed by the Illinois State Police and its predecessor agencies for 1968 until his retirement on December 31, 1987. Whether he was a master sergeant, a Special Agent, or a Special Agent Master Sergeant at the time of his retirement is immaterial. Each of these positions is classified as an Illinois State Policeman. An Illinois law in effect on March 3, 1983 requires Illinois State Policemen to retire upon reaching age 60. Thus, Plaintiff's mandatory retirement fits within the exception contained in the ADEA for law enforcement officers.

*Burke*, at 1204.

This Court finds that the differences between the positions of master sergeant and Special Agent are without distinction for the purposes of determining the question presented. Accordingly, summary judgment in favor of the State is warranted because, as noted by the decision in *Burke*, Special Agents were classified as Illinois State Policemen when the March 3, 1983 law was in effect. Therefore, the Special Agents mandatory retirements fit within the exception contained in the ADEA for law enforcement officers.

*Ergo*, the State's motion for summary judgment is ALLOWED.

Case closed.